# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Stephen Wayne Carlson,

      Plaintiff,

v.

Internal Revenue Service, MN Department of Revenue, and G2Secure Staff,

      Defendants.

Civ. No. 12-1367 (JNE/JJK)

**REPORT AND RECOMMENDATION**

---

Stephen Wayne Carlson, PO Box 2361, St. Paul, MN 55102, *pro se*.

Mark C. Milton, Esq., United States Department of Justice, Tax Division, counsel for Internal Revenue Service.

Sara L. Bruggeman, Esq., Minnesota Attorney General's Office, counsel for MN Department of Revenue.

Jaime N. Cole, Esq., and Patrick R. Martin, Esq., Ogletree, Deakins, Nash Smaok & Stewart, P.C., counsel for G2 Secure Staff.

---

JEFFREY J. KEYES, United States Magistrate Judge

      This matter is before this Court on the following motions: (1) Defendant Internal Revenue Service's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 19); (2) Defendant MN Department of Revenue's Motion to Dismiss for Lack of Jurisdiction (Doc. No. 22); and (3) Defendant G2 Secure Staff's Motion to Dismiss (Doc. No. 27). United States District Judge Joan N. Ericksen has

referred these motions to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons that follow, this Court recommends that the motions be granted and this action be dismissed.

## BACKGROUND

Plaintiff Stephen Wayne Carlson originally filed this case as an adversary proceeding in a pending bankruptcy action in the United States Bankruptcy Court for the District of Minnesota.  *See In re Carlson*, Bankr. No. 11-34420-RFK, Doc. No. 69 (Bankr. D. Minn. Apr. 25, 2012).  On June 6, 2012, United States Bankruptcy Judge Robert J. Kressel transferred the adversary proceeding to the United States District Court for the District of Minnesota.  (Doc. No. 1-11, Transfer Order.)  This Court then opened this civil action on June 7, 2012.  (Doc. No. 1.)

Thereafter, Carlson filed his First Amended Complaint.  (Doc. No. 18, First Am. Compl.)  The factual bases for the claims he asserts against Defendants in that pleading are not entirely clear.  As best this Court can discern, Carlson asserts that the Internal Revenue Service ("IRS") and the Minnesota Department of Revenue ("MDOR") have unlawfully collected thousands of dollars in taxes from him since 1996, during years in which he allegedly owed no taxes.  (*Id.* at 2–3.)  Carlson also claims that the IRS and the MDOR have continued "collecting" (presumably taxes) while his bankruptcy action has been pending "in violation of the automatic stay."  (*Id.* at 12.)  He also claims that the IRS and

Defendant G2 Secure Staff, Carlson's employer, illegally garnished his wages. (*See id.* at 10–11.)

Carlson claims that Defendants have violated his constitutional and statutory rights. He seeks a declaratory judgment that the IRS has taxed him illegally since 1996 in violation of his constitutional rights under the Fifth and First Amendments. (*Id.* at 12.) He seeks a declaratory judgment that G2 Secure Staff has "violated the laws regarding creating a hardship in levying the wages of their employees." (*Id.*) Carlson seeks an order requiring the IRS and G2 Secure Staff to pay him monetary damages in the form of a refund of more than $20,000 in wrongfully collected taxes. (*Id.* at 13.) And he seeks $10,000 in punitive damages from the IRS.[1] (*Id.*)

After Carlson filed his First Amended Complaint, each Defendant filed a motion to dismiss. The IRS argues that the Court lacks subject-matter jurisdiction to hear Carlson's claims and that Carlson fails to state a claim on which relief can be granted. (Doc. No. 21, IRS Mem. in Supp. of Mot. to Dismmiss ("IRS Mem.").) The MDOR argues that the Court lacks subject-matter jurisdiction, that Carlson fails to allege any facts to support his claim against the MDOR, and that dismissal of his claims is appropriate because Carlson does not

---

[1] Carlson also seeks "punitive damages as a *Bivens* action," but has not identified any individual federal official against whom he brings any *Bivens* claim, which is fatal to such a claim. *See FDIC v. Meyer*, 510 U.S. 471, 485–86 (1994) (holding that the implied right of action created in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), against an individual federal official does not also extend to a suit against a federal agency).

request any relief from the MDOR. (Doc. No. 24, MDOR Mem. in Supp. of Mot. to Dismiss ("MDOR Mem.").) G2 Secure Staff argues that Carlson's claims against it should be dismissed because his First Amended Complaint fails to state a claim and because, as a third party that has honored the IRS's levy on Carlson's wages, G2 Secure Staff enjoys statutory immunity from liability. (Doc. No. 29, G2 Secure Staff Mem. in Supp. of Mot. to Dismiss ("G2 Mem.").)

## DISCUSSION

### I. LEGAL STANDARD

#### A. Subject-Matter Jurisdiction

The IRS and the MDOR's motions to dismiss argue that they are entitled to sovereign immunity on Carlson's claims, and as a result this Court lacks subject-matter jurisdiction. Issues of sovereign immunity concern this Court's subject-matter jurisdiction, which must be addressed before reaching the merits of Carlson's claims. *See Turner v. Armontrout*, 922 F.2d 492, 493 (8th Cir. 1991) (noting that subject-matter jurisdiction is a threshold requirement); *Taylor v. Rice*, Civ. No. 10-4746 (SRN/JJG), 2012 WL 246014, at *3 (D. Minn. Jan. 6, 2012) (noting that sovereign immunity is jurisdictional in nature). Because the IRS and the MDOR challenge Carlson's pleading on its face, this Court must accept any well-pleaded factual allegations in the First Amended Complaint concerning subject-matter jurisdiction as true. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). As the non-moving party, Carlson receives the same protections and presumptions of fact as he would under a motion to dismiss for failure to state a

4

claim in this type of challenge.  *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990).

The Eleventh Amendment provides state governments sovereign immunity from lawsuits in federal court, except when Congress has abrogated that immunity for a particular cause of action, *Becker v. Univ. of Neb. at Omaha*, 191 F.3d 904, 908 (8th Cir. 1999), or when a state has clearly and expressly waived its immunity.  *Edelman v. Jordan*, 415 U.S. 651, 673 (1971).  This sovereign immunity also bars suits against state instrumentalities and entities.  *Becker*, 191 F.3d at 908.

Like state governments, the United States government possesses sovereign immunity from federal lawsuits.  *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Barnes v. United States*, 448 F.3d 1065, 1066 (8th Cir. 2006) ("Federal courts generally lack jurisdiction to hear claims against the United States because of sovereign immunity.").  This immunity can be waived, but the waiver must be clear and unmistakable.  *United States v. Mitchell*, 445 U.S. 535, 538 (1980).  Courts narrowly construe such waivers.  *United States v. Sherwood*, 312 U.S. 584, 587–88 (1941).

### B. Failure to State a Claim

G2 Secure Staff and the MDOR also move to dismiss Carlson's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to

5

state a claim. In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), this Court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 1964–65. This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Id.* at 1965.

## II. CARLSON'S CLAIMS AGAINST THE IRS SHOULD BE DISMISSED

### A. The Suit Against the IRS

The IRS first argues that it is not a proper party to this suit and that Carlson's claims should be construed to be claims against the United States. (IRS Mem. 2–3.) "An action against the Internal Revenue Service . . . is a suit against the United States." *Wiley v. Salomone*, No. 05-998 (PAM/RLE), 2005 WL 2198343, at *2 (D. Minn. Aug. 2, 2005) (citing *Searcy v. Donelson*, 204 F.3d

797, 798 (8th Cir. 2000)). Thus, this Court construes Carlson's claim against the IRS as a claim against the United States.

B. **Carlson's Claims of Wrongful Taxation**

It is difficult to discern the nature of Carlson's tax-related claims against the United States.[2] Considering Carlson's "Demand for Relief in Damages," this Court ascertains that Carlson claims (1) that the United States owes him a refund or should be required to pay him damages equivalent to the amount, since 1996, of income tax it has allegedly collected unlawfully; (2) that he is entitled to damages, such as loss of income, that he incurred as a result of the IRS's assessment of such taxes and its attempts to collect them by garnishing his wages; and (3) that the Court should impose $10,000 in punitive damages against the United States. (*See* First Am. Compl. 13, Demand for Relief and Damages.)

This Court lacks subject-matter jurisdiction over Carlson's request for a tax refund from the IRS because the limited waiver of sovereign immunity for tax refund actions does not apply. The Internal Revenue Code permits an individual to bring an action for a tax refund in federal district court, but only where the plaintiff first files an administrative claim for a refund with the IRS. *See* 26 U.S.C.

---

[2] When liberally construing a *pro se* complaint, this Court does not require "legal nicety," but construe's the pleading in a way that allows the court to consider it in a proper legal framework, but it does not assume facts not alleged or construct a legal theory that assumes facts that have not been pleaded. *See Mashak v. Minn.*, Civil No. 11-473 (JRT/JSM), 2012 WL 92822, at *7 (D. Minn. Jan. 25, 2012) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).

§ 7422(a) (providing that no suit for recovery of an IRS tax alleged to have been illegally or erroneously assessed or collected may be maintained until a claim for refund or credit has been filed with the Secretary of the Treasury); *Chernin v. United States*, 149 F.3d 805, 813 (8th Cir. 1998) ("[T]he filing of a timely refund claim with the IRS in accord with section 7422(a) is a prerequisite to maintaining a tax refund suit."). Further, because the action is one for a "refund," for the limited waiver of sovereign immunity to apply, the plaintiff bringing such a suit requires that payment be made before the claim is filed. *See Estate of Davenport v. United States*, 736 F Supp. 2d 1087, 1091–92 & 1092 n.2 (E.D. Mich. 2010) (citing cases and noting that the "pay-first" requirement is consistent with the requirement that waivers of sovereign immunity be narrowly construed). Here, Carlson has not alleged that he has filed an administrative claim and has not alleged that he has paid the federal income taxes at issue. Accordingly, he has failed to adequately allege facts that would allow this Court to exercise jurisdiction over his claim for a refund of federal taxes.

This Court also lacks jurisdiction over Carlson's claim that the United States wrongfully collected taxes from him. Congress has provided a limited waiver of sovereign immunity where, in connection with the collection of a federal tax, an officer or employee of the IRS recklessly, intentionally, or negligently disregards a provision of the Internal Revenue Code. 26 U.S.C. § 7433(a). Like the limited waiver of immunity for a refund action discussed above, the waiver in § 7433 applies only where the taxpayer bringing a suit for wrongful collection of

8

taxes has first exhausted his administrative remedies provided by the IRS.  *Id.*

§ 7433(d)(1); *see Holt v. Davidson*, 441 F. Supp. 2d 92, 96 (D.D.C. 2006) (noting

that failure to exhaust administrative remedies available through the IRS acts as

a limitation on the waiver of sovereign immunity).  Here, Plaintiff has failed to

allege that any employee or officer of the IRS recklessly, intentionally, or

negligently disregarded a provision of the Internal Revenue Code or an IRS

regulation in connection with the collection of his taxes.[3]  Nor has he alleged that

he exhausted the administrative remedies available to him by the IRS.

Accordingly, he has failed to adequately allege facts that would allow this Court

to exercise jurisdiction over his claim for damages as a result of wrongful

collection of taxes.

Finally, to the extent Carlson claims that the United States wrongfully

assessed income taxes against him, this Court lacks jurisdiction over that claim

as well.  *See* 26 U.S.C. § 7422(a) (providing that no suit for recovery of any

internal revenue tax that has allegedly been illegally assessed may be

---

[3]  Carlson alleges that the IRS garnished his wages without consideration of "hardship provisions."  (*See* First Am. Compl. 5 (seeking a refund of funds "illegally garnisheed [sic] . . . under §§ 542(a), (b), (e)").)  But he does not identify which "hardship provisions" he is referencing, or how any employee or officer of the IRS recklessly, intentionally, or negligently ignored such a provision.  To the extent that Carlson is referring to the restrictions on garnishment found in 15 U.S.C. § 1673, which sets a maximum allowable garnishment as a protection for consumers, this Court notes that this garnishment restriction is not a provision of Title 26 of the United States Code that is referenced in 26 U.S.C. § 7433(a)'s limited waiver of sovereign immunity.  In any event, Carlson's unsupported allegations are not a sufficient basis for this Court to determine that the waiver of sovereign immunity applies in this case.

9

maintained until a claim for refund has been filed with the Secretary of the Treasury).

## C. Carlson's Constitutional Claims Against the United States

Carlson alleges that through the actions of the IRS, the United States has violated his constitutional rights. He seeks damages[4] for violations of his rights under the First and Fourteenth Amendments. (First Am. Compl. at 18.) However, the Court lacks subject-matter jurisdiction over these claims because the United States is immune from suit for damages for violations of an individual's constitutional rights. *Hartje v. FTC*, 106 F.3d 1406, 1408 (8th Cir. 1997) (explaining that suits for damages against federal government entities are barred by sovereign immunity despite the permissibility of *Bivens* claims against individual federal officers in their individual capacities). And, as noted above, Carlson has not asserted facts sufficient to allege any *Bivens* claim against an individual federal official. *See supra* note 1. For these reasons, this Court concludes that Carlson's constitutional claims should be dismissed for lack of subject-matter jurisdiction.

---

[4] Carlson also asserts that he seeks a declaratory judgment that the United States has violated the Fifth Amendment's Takings Clause and the First Amendment. (First Am. Compl. 12.) However, Carlson may not obtain declaratory relief against the United States on his claim concerning "federal taxes." *See* 28 U.S.C. § 2201 (permitting a federal court to declare the rights of any interested party seeking such a declaration "except with respect to Federal taxes"). Thus, Carlson has failed to state a claim for declaratory relief.

## III. CARLSON'S CLAIMS AGAINST THE MDOR SHOULD BE DISMISSED

Carlson's claims against the State of Minnesota and the MDOR are no clearer than those he has asserted against the United States. From what this Court is able to discern, Carlson asserts that the State of Minnesota, acting through the MDOR, unlawfully collected taxes from him during the years 1992-1995, and that the State has harmed him in various other ways that forced him into bankruptcy.[5] He also claims that the State has violated the automatic stay in his bankruptcy case by filing a proof of claim. He asserts that this unlawful collection of taxes violated his First Amendment rights because he has been deterred from running for President of the United States; he also asserts that his rights under the Fourteenth Amendment and Fifth Amendment of the United States Constitution have been violated.[6] He brings these constitutional claims under 42 U.S.C. § 1983.

---

[5] Carlson references the allegations he made in two other adversary proceedings he filed in his bankruptcy action that were later transferred to this Court: *Carlson v. Minn. Dep't of Emp't and Econ. Dev.*, Civ. No. 12-644 (JNE/JJK) (Transfer of Adversary Proceeding, D. Minn. Mar. 12, 2012), and *Carlson v. United States Dep't of Educ.*, Civ. No. 12-645 (JNE/JJK) (Transfer of Adversary Proceeding, D. Minn. Mar. 13, 2012). In both of those cases, this Court has recommended dismissal of all of Carlson's claims. *Carlson v. Minn. Dep't of Emp't and Econ. Dev.*, Civ. No. 12-644 (JNE/JJK), Doc. No. 35 (Report and Recommendation, D. Minn. Oct. 17, 2012); *Carlson v. United States Dep't of Educ.*, Civ. No. 12-645 (JNE/JJK), Doc. No. 25 (Report and Recommendation, D. Minn. Aug. 9, 2012). This Court will not reconsider the allegations raised and considered in those cases in this matter.

[6] Carlson also claims that his due-process and equal-protection rights under the Minnesota Constitution have been violated by these actions. To the extent
(Footnote Continued on Following Page)
11

Carlson's confused allegations with respect to the State of Minnesota render it difficult to determine whether the Court has subject-matter jurisdiction over his claims or whether they are barred by sovereign immunity. Under 11 U.S.C. § 106(b), Congress has provided that a governmental unit that files a proof of claim in a bankruptcy case waives sovereign immunity with respect to a compulsory counterclaim against that governmental unit that is property of the bankruptcy estate. Carlson alleges that the MDOR filed a proof of claim in his bankruptcy proceeding, and that his claim to recover the taxes unlawfully collected from him by the State of Minnesota qualifies as a compulsory counterclaim for which the State's sovereign immunity is waived. However, because Carlson's allegations are difficult to discern, it is unclear whether his claims against MDOR qualify for this limited waiver of sovereign immunity. The MDOR filed its proof of claim seeking unpaid state individual income taxes for 2008 through 2010 totaling over $1,800. *In re Carlson*, Bankr. No. 11-34420, Claim 17-1 (Bankr. D. Minn. Oct. 17, 2011). Because that proof of claim is limited to the 2008-2010 time period, to the extent Carlson seeks any relief

---

(Footnote Continued from Previous Page)
Carlson seeks relief for an alleged violation of his State constitutional rights, § 1983 does not provide a right of action for such a claim because it only protects an individual's right not to have *federal* constitutional rights deprived. Any claims asserted under the Minnesota Constitution should be dismissed because "[u]nlike 42 U.S.C. § 1983, Minnesota has no statutory scheme providing for private actions based on violations of the Minnesota constitution." *Riehm v. Engelking*, No. 06-293 (JRT/RLE), 2007 WL 37799, at *8 (D. Minn. Jan. 4, 2007) (citing *Guite v. Wright*, 976 F. Supp. 866, 871 (D. Minn. 1997)).

relating to the MDOR's collection of taxes between 1992 and 1995, such a claim would fail to qualify as a compulsory counterclaim triggering the waiver of sovereign immunity in 11 U.S.C. § 106(b), and the Court would appear to lack jurisdiction over such a claim. Consequently, it appears that, at a minimum, this Court lacks jurisdiction to consider all of Carlson's claims against MDOR on the grounds of sovereign immunity.

However, even if there is jurisdiction to hear Carlson's claims against MDOR, Carlson has failed to state a claim on which relief can be granted against the MDOR and his claims against the MDOR should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Carlson alleges no facts that would render any of the tax-collection activities of the MDOR or any other agency in the State of Minnesota in violation of the First, Fifth, or Fourteenth Amendments of the United States Constitution. His allegations concerning a purported violation of the automatic stay lack any factual enhancement that would allow this Court to conclude that his pleading raises a right to relief beyond the speculative level. Accordingly, Carlson has failed to state a plausible claim for relief against the MDOR or the State of Minnesota and this Court recommends that his claims against these Defendants be dismissed under Rule 12(b)(6).

## IV. CARLSON'S CLAIMS AGAINST G2 SECURE STAFF SHOULD BE DISMISSED

Carlson's only allegations against Defendant G2 Secure Staff relate to its involvement with the IRS in garnishing his wages. Carlson asserts that G2

13

Secure Staff failed to consider the hardship that would be caused by garnishing his wages when he only made about $100 per week. (First Am. Compl. 10.) However, Carlson fails to state a claim against G2 Secure Staff because G2 Secure Staff is statutorily immune from liability for this kind of claim under 26 U.S.C. § 6332(e). That section provides that third parties are immune from obligations or liabilities to a delinquent taxpayer for honoring a tax levy received from the IRS. *Id*; *see also Allstate Fin. Corp. v. United States of Am. & United States Postal Serv.*, 860 F. Supp. 653, 656 (D. Minn. 1994) (concluding that the United States Postal Service was immune from liability where it complied with and administered a federal tax levy as required by federal law). Accordingly, Carlson's claims against G2 Secure Staff should be dismissed.

## RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Internal Revenue Service's Motion to Dismiss for Lack of Jurisdiction **(Doc. No. 19)** be **GRANTED**;

2. Defendant MN Department of Revenue's Motion to Dismiss for Lack of Jurisdiction **(Doc. No. 22)** be **GRANTED**;

3. Defendant G2 Secure Staff's Motion to Dismiss **(Doc. No. 27)** be **GRANTED**; and

4. This case be **DISMISSED**.

Date: December 4, 2012                     *s/ Jeffrey J. Keyes*_____
                                           JEFFREY J. KEYES
                                           United States Magistrate Judge


Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 18, 2012,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.